IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-102-FL

| | |
|---|---|
| PATRICIA GRIFFIETH FLANIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| JINONG SUN and FAYETTEVILLE ) | |
| STATE UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' motion to dismiss Plaintiff's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted [DE #12].[1] Plaintiff did not file a response, and the time for further filings has expired. Where this matter has been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, Defendants' motion is undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for memorandum and recommendation. For the reasons set forth below, it is recommended that Defendants' motion be granted and that Plaintiff's complaint be dismissed in its entirety.

---

[1] Defendants also cite Rule 12(b)(1) as a grounds for dismissal. However, they have not made any argument concerning lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging that she was discriminated against in her employment with Fayetteville State University based on her race. Plaintiff states that she was "subjected to different terms and conditions of employment" and that she was "singled out from the other members of the Acquisitions Department." (Compl. [DE #1] at 3-4.) Plaintiff alleges that the discrimination occurred from 2010 through the filing of her complaint in February 2014.

## DISCUSSION

### I. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief may be granted. The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th. Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading

contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544. A complaint need not contain detail factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

II. **Analysis**

Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a). In order to state a Title VII claim of discrimination, a plaintiff must allege facts sufficient to put the defendant on notice that she is claiming she experienced an adverse employment action due to purposeful discrimination based upon her race. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). It is not

necessary that the plaintiff allege each and every element required to establish a prima facie case so long as the factual allegations contained in the complaint are "enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

Plaintiff's complaint fails to provide fair notice of the basis of her claims. Plaintiff claims she was "subjected to different terms and conditions of employment" and "singled out from the other members of the Acquisitions Department" based on her race (Black) from 2010 through February 2014. However, she does not include any facts to support a claim of racial discrimination. She describes Defendant Sun as an individual of Chinese descent and identifies her as the alleged discriminating official. Yet, aside from a general allegation that she was discriminated against over a four-year period, Plaintiff provides no relevant dates or details of alleged discriminatory behavior. Plaintiff does not specify what, if any, adverse action was taken against her, nor does she explain how she may have been treated differently from similarly situated, non-Black employees. Rather, the allegations contained in Plaintiff's complaint are so vague that Defendants are left to speculate as to the basis of Plaintiff's claims.

Moreover, Title VII remedies are available only from employers. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). Individuals are not liable under the Act. *Id.* (holding that supervisors are not liable for Title VII violations). Thus, Plaintiff also fails to state a claim against Defendant Sun for this reason.

4

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendant's motion to dismiss [DE #12] be GRANTED and Plaintiff's complaint be DISMISSED in its entirety.

The Clerk shall send a copy of this Memorandum and Recommendation to the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 9th day of October 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge