IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-102-FL

| | |
|---|---|
| PATRICIA GRIFFIETH FLANIGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JINONG SUN and FAYETTEVILLE )<br>STATE UNIVERSITY, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on defendants' motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) (DE 12). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), (DE 19), wherein it is recommended that defendants' motion be granted under Rule 12(b)(6). Plaintiff timely filed objections to the M&R, and the deadline for defendants' response has expired. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge and grants defendants' motion to dismiss.

**STATEMENT OF THE CASE**

Plaintiff filed this action on February 21, 2014, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff alleges that she has been employed with defendant Fayetteville State University since 1988, and that defendant Sun acted as her supervisor.

Plaintiff alleges that defendants discriminated against her based on her race because, from 2010 until the date of filing complaint, she was "subjected to different terms and conditions of employment" and "singled out from the other members of the Acquisitions Department" by defendants. (Compl. at 3-4) (DE 1). On April 11, 2014, defendants filed the instant motion to dismiss. Defendants argued that the court lacked personal jurisdiction under Rule 12(b)(2) because plaintiff did not validly serve a summons and complaint; that service of process was insufficient under Rule 12(b)(5); that plaintiff had not alleged sufficient facts to state a claim under Rule 12(b)(6); and that the Title VII claim against defendant Sun should be dismissed under Rule 12(b)(6) because it was duplicative of claims against defendant Fayetteville State University. The court referred the motion to the magistrate judge on May 7, 2014. On October 9, 2014, the magistrate judge entered her M&R recommending dismissal under Rule 12(b)(6).

**DISCUSSION**

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court considering a motion to dismiss for failure to state a claim must view the allegations in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474

(4th Cir.1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the factual content necessary to survive a motion to dismiss, the court does not consider "legal conclusions, elements of a cause of action . . . bare assertions devoid of further factual enhancement[,] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (quotation marks and citations omitted). When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

B.   Analysis

The magistrate judge's recommendation advanced two separate grounds for dismissal pursuant to Rule 12(b)(6). First, the magistrate judge found plaintiff's complaint failed to allege sufficient facts to support her claims, because plaintiff provides no specific dates or details regarding the discriminatory behavior. Second, the magistrate judge recommended dismissing the claim against defendant Sun because, as an individual, defendant Sun was not liable under Title VII. Plaintiff fails to specifically object to the first ground of the recommendation to dismiss.

Plaintiff's objections state that she has been unsuccessful in seeking professional assistance

3

in this case. She also confronts defendants' argument regarding improper service by alleging that "another person actually mailed the notifications at the Raleigh Post Office." (Obj., 1). In addition, plaintiff appears to object to the magistrate judge's recommendation that the claim against defendant Sun be dismissed by alleging that "[t]he issue of the Defendant being the individual and not the employer was an attempt to implicate both." (Id.). None of these allegations address the recommendation that plaintiff's complaint lacks sufficient specific factual allegations to state a Title VII claim. Because the court finds no clear error in the magistrate judge's determination, it will adopt the recommendation on this ground and grant defendants' motion to dismiss under Rule 12(b)(6).

## CONCLUSION

Based on the foregoing, upon *de novo* review of those portions of the M&R to which objections were raised, and upon considered review of the remaining portions of the M&R as well as the record in this case, the court ADOPTS the recommendation of the magistrate judge as set forth herein. Defendants' motion to dismiss (DE 12) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 11th day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge